IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE,

      Plaintiff,                                 No. 2:12-cv-0843 JAM CKD

   vs.

WILLIAM CALLAWAY,

      Defendant.                          FINDINGS & RECOMMENDATIONS
_____/

        Presently before the court is plaintiff's motion for default judgment.[1] This matter is submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

        In this action, plaintiff seeks civil penalties, injunctive relief, and attorney fees under the Clean Water Act ("CWA") section 505(a), 33 U.S.C. § 1365(a), and section 309(d), 33 U.S.C. § 1319(d).[2] Plaintiff's claims arise out of alleged violations of the CWA by discharges of

---

[1] The motion for default judgment is brought against defendant William Callaway. The remaining defendant, Jaeger Family Trust, has been dismissed. Dkt. no. 12.

[2] The application for default judgment seeks only civil penalties and attorney fees. The claims for injunctive relief are not addressed in plaintiff's briefing.

1

pollutants from a ready mix concrete manufacturing and distribution facility operated by defendant Callaway. The record reflects that defendant was properly served with process by substituted service on April 19, 2012 and default was entered on May 21, 2012. Plaintiff thereafter filed an application for default judgment. Plaintiff seeks an entry of default judgment of civil penalties in the amount of $29,925,000.00 and litigation costs under 33 U.S.C. § 1365(d) in the amount $10,125.59.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). Specifically, the court finds plaintiff has stated six valid claims under the Clean Water Act. Plaintiff's complaint alleges that during each of the significant rain events itemized in Attachment A, defendant allowed storm water, flowing over and through uncovered materials at the facility, to become contaminated with pollutants and discharged into waters of the United States, in violation of the Clean Water Act. The application for default judgment and the exhibits and affidavits attached thereto also support the finding that plaintiff is entitled to the relief in the form of civil penalties requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). The amount sought is supported by the affidavits submitted in support of the motion for default judgment. Based on fifteen dates falling between 2004 and January 12, 2009 and one hundred and twenty dates subsequent to January 12, 2009, the court has determined that a civil penalty of $29,925,000.00 is appropriate.[3] See Leslie Salt Co. v.

---

[3] Each significant rain event itemized in Attachment A resulted in 6 violations (as alleged in the complaint) per event. The civil penalty was calculated as follows: 15 dates x 6 violations/date x $32,500/violation (for each violation occurring between 2004 and January 12, 2009) = $2,925,000 plus 120 dates x 6 violations/date x $37,500/violation (for each violation occurring after January 12, 2009) = $27,000,000. The statutory maximum has been adjusted under the EPA Adjustment Rule. See 40 C.F.R. § 19.4.

United States, 55 F.3d 1388, 1397 (9th Cir. 1995) (once CWA liability is established, assessment of some amount of civil penalty mandatory); see also Atlantic States Legal Foundation v. Tyson Foods, 897 F.2d 1128, 1137-40 (11th Cir. 1990) (starting calculation at statutory maximum and adjusting downward as appropriate).  The court has carefully considered the statutory factors in determining the amount of the penalty, including the seriousness of the violations, the economic benefit resulting from the violation, defendant's history of violations, good faith efforts to comply with the applicable requirements and the economic impact of the penalty on the violator.  See Natural Resources Defense Council v. Southwest Marine, 236 F.3d 985 (9th Cir. 2000).  Because defendant has not responded to the complaint, the court has no evidence before it regarding economic benefit resulting from the violations, good faith efforts to comply, the economic impact of the penalty on defendant or any other evidence favoring a reduction of the penalty.

Plaintiff is also entitled to litigation costs under 33 U.S.C. § 1365(d), including attorneys fees, filing fees, fees for service of process, and other litigation costs.  The court finds the amount claimed, $10,125.59, is reasonable with respect to the hourly rate and the number of hours expended on this litigation.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment (dkt. no. 8) against defendant William Callaway be granted and civil penalties be imposed upon defendant in the amount of $29,925,000.00.  It is further recommended that defendant be required to reimburse plaintiff's litigation costs under 33 U.S.C.

§ 1365(d) in the amount of $10,125.59.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 17, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
cspa-callaway.def